Miguel Vera, Plaintiff and Appellant, *v.* Manuel Santiago et al., Defendants and Appellees.

No. 8111. Argued March 7, 1940.—Decided November 14, 1940.

*Agustín E. Font* for appellant. *Fernando Zapater* for appellees.

Mr. Justice Wolf delivered the opinion of the court.

█ The opinion of the lower court contains a statement of the facts found proved by the trial judge. No statement of the case, bill of exceptions, or transcript of the evidence in due form have been filed. The evidence has not been duly incorporated to the record. The appellant's brief recites the facts and the appellees in their brief accept that recital as true, but taking into consideration the circumstances of the case, this court is unable to decide this appeal because the record is incomplete, and the facts are not properly before it.

The case hinges principally on the facts. The very principal thing, the sale, is a matter of proof.

The case could not be reversed without a due bill of exceptions, statement of the case or transcript of the evidence. The appeal must therefore be overruled and the judgment affirmed.

█ It may also be said, that the majority of the court, if the merits were to be considered, would be disposed to hold that when a person buys property at a tax sale his right to an action of unlawful detainer does not arise until after

the term of redemption is past. Section 347 of the Political Code says:

"That the collector shall prepare, sign and deliver to the purchaser of any real property sold for non-payment of taxes a certificate of purchase, which shall contain the name and residence of such purchaser, the date of the sale of said real property, the amount for which it is sold, a statement that said amount has been paid by the purchaser, the amount of taxes, penalties and costs, and such description of the property as is required by section 340 of this Title, and the folio and volume wherein the property sold shall have been recorded, in case it has been so recorded.

"If the right of redemption hereinafter provided for is not exercised within the time prescribed, said certificate, when recorded in the office of the registrar of property of the district in which the property is situated, shall vest the title to said property absolutely in said purchaser, free from all mortgages, liens or other encumbrances. Said certificate shall be *prima facie* evidence of the facts recited therein in any controversy, proceeding or suit involving or concerning the rights of the purchaser, his heirs or assigns, to the property thereby conveyed; and the purchaser, his heirs or assigns, may, upon receipt of such certificate, have the same duly recorded by the registrar of property of the district in which such property is situated upon the payment of a fee of two dollars."

The writer, however, entertains a doubt. Section 347, *supra,* it seems to him, is capable of another interpretation. However, he definitely thinks that the judgment should be affirmed for the lack of a sufficient record.